IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 AUG 30 PM 12: 45
U.S. DISTRICT COURT
N.D. OF ALABAMA

DONALD R. MORROW,               }
                                }
    Plaintiff,                  }
                                }
v.                              }    CASE NO. CV 01-B-2424-NE
                                }
THE ALABAMA DEPARTMENT OF       }
INDUSTRIAL RELATIONS,           }    ENTERED
                                }    AUG 30 2002
    Defendant.                  }

## MEMORANDUM OPINION

This matter is before the court on defendant's unopposed Motion for Summary Judgment. On August 1, 2002, defendant filed the Motion for Summary Judgment presently before the court. On August 27, 2002, plaintiff filed Plaintiff's Response to Summary Judgment acknowledging that the Motion for Summary Judgment is due to be granted. Upon consideration of the record, and the relevant law, the court is of the opinion that defendant's motion is due to be granted.

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See *Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the party has met its burden, Rule 56(e) provides:

34

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendant is entitled to a judgment as a matter of law. Plaintiff has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of plaintiff. Thus, plaintiff has failed to meet their burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324. Consequently, the court holds that defendant's Motion for Summary Judgment is due to be granted.

An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this  30th  day of August, 2002.

SHARON LOVELACE BLACKBURN
United States District Judge